UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRMA FRANKLIN,

        Plaintiff,

    v.

MERCK & COMPANY, INC., et al,

        Defendants.

NO. CIV. S-07-58 LKK/EFB

O R D E R

On September 26, 2006, Irma Franklin, ("plaintiff") commenced this action against Merck & Co., Inc by filing a complaint in the Superior Court for the State of California, County of Los Angeles. On January 9, 2007, Merck removed this action to this Court based on diversity jurisdiction. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("JPML") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

## I. Background

This case is one of hundreds of cases regarding Vioxx. On

1

February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana. <u>In re Vioxx Prods. Liab. Litig.</u>, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). The MDL panel held that the "nearly 300 potentially related actions in multiple federal districts . . . will be treated as potential tag-along cases." <u>Id.</u> at 1352 n.1.

On January 12, 2007, Merck provided notice to the MDL Panel of the pendency of this "tag-along" action and furnished the Panel with a copy of the docket sheet and complaint in this action. Merck asserts, and plaintiff does not dispute, that it will shortly provide notice to the MDL panel of this action. Merck expects a conditional transfer order to be issued by the panel within the next few weeks.

## II. Analysis

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." <u>Conroy v. Fresh Del Monte Produce Inc.</u>, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Here, Merck asserts that removal is proper because defendants McKesson and Amerisource, whose presence defeats diversity jurisdiction, were fraudulently joined. The question of fraudulent joinder is not unique to the pending case. <u>See</u>,

2

e.g., Lame Bull v. Merck & Co., et. al, No. 05-2465, slip op. (E.D. Cal. January 24, 2006) (Karlton, J.) (staying case to allow remand to be decided by MDL judge); Purcell v. Merck & Co., et. al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (same); Johnson v. Merck & Co., No. C-05-02881, slip op. at *2 (N.D. Cal. Oct. 3, 2005) (same).

Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding. For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;
2. Plaintiff's motion to remand is DENIED;
3. Oral argument on the motions currently set for March 26, 2007 at 10:00 a.m. is VACATED;
4. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to the MDL proceeding.

IT IS SO ORDERED.

DATED: March 14, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3